**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **VICTORIA SYMOTYUK-KNOLL,** | |
| *Plaintiffs*, | |
| -against- | **1:21-CV-08348 (ALC)** |
| **HEALTHEQUITY, INC. and WAGEWORKS, INC.,** | <u>**OPINION & ORDER**</u> |
| *Defendants*. | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Victoria Symotyuk-Knoll brings this action alleging discrimination and retaliation based on sex, age, caregiver status, and pregnancy against her former employers HealthEquity, Inc. and Wageworks, Inc. (collectively, "Defendants"). ECF No. 1. Defendants now move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6), for failure to state a claim on each count. ECF No. 29. After careful review, Defendants' Motion, ECF No. 29, is **PARTIALLY GRANTED**. Defendants' motion to dismiss Plaintiff's hostile work environment, discrimination, and FMLA interference claims pursuant to Fed.R.Civ.P. 12(b)(6) is **GRANTED**. Defendants' motion to dismiss Plaintiff's retaliation claims is **DENIED**. Plaintiff's New York State Human Rights Law ("NYSHRL") claims are **DISMISSED** without prejudice pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

## BACKGROUND

### I.      Statement of Facts

Plaintiff began her employment as an accountant for TransitCenter in 2008. WageWorks, Inc. acquired TransitCenter in 2012. First Amended Complaint ("FAC"), ECF No. 19 at ¶¶ 14-15, 19. In August or September 2019, Plaintiff learned that HealthEquity, Inc.

acquired WageWorks. *Id.* at ¶ 39. In or around March 2020, Plaintiff received a $20,069.00 retention bonus. *Id.* at ¶ 43. In or about November 2019, Plaintiff was approximately fifty years old at the time and six months pregnant. *Id.* at ¶ 48. She disclosed her pregnancy to her supervisor, Controller Erica Mathis, and requested leave under the Family and Medical Leave Act ("FMLA") beginning in February 2020. *Id.* at ¶¶ 48-49, 51. Plaintiff believed Ms. Mathis was annoyed and concerned about Plaintiff taking leave during an "extremely busy" time and her soon-to-be caregiver responsibilities. *Id.* at ¶¶ 50, 52-53.

Plaintiff alleges her employer discriminated against her on the basis of sex, age, caregiver status, and pregnancy. Plaintiff draws comparisons to the way her employer treated a non-pregnant female accountant, Sharon Farmsworth. *Id.* at ¶ 25. Plaintiff describes Ms. Farmsworth as an "an older woman" and does not state her age. *Id.* at ¶ 120. For example, prior to her leave, Plaintiff was excluded from a training that Ms. Farmsworth and others attended. *Id.* at ¶ 63. Plaintiff believed she was excluded due to her pending FMLA leave. *Id.* at ¶ 65.

When Plaintiff requested three paid days off prior to her FLMA leave, Ms. Mathis stated it was difficult to take time off during that time period, but granted two days off. *Id.* at ¶¶ 66, 69, 71.

Plaintiff informed HealthEquity's Vice President of Finance, Tyson Murdock, about her pregnancy and her worry over job security due to the merger and her leave. *Id.* at ¶ 77. Mr. Murdock told Plaintiff not to worry. *Id.* at ¶ 79.

Plaintiff began her FMLA leave on February 10, 2020, and it was slated to end on May 4, 2020. *Id.* at ¶¶ 90, 93. During her leave, Plaintiff informed Ms. Mathis that upon her return she planned to take intermittent leave days under the New York State Paid Family Leave Law ("NYSPFL") in June and July of that year. *Id.* at ¶ 101. "Controller Mathis and Defendants were

2

infuriated that Plaintiff was pregnant, hadn't told them she was pregnant 'soon' enough, took FMLA leave, and now also wanted to utilize another form of intermittent leave (NYSPFL) and her accumulated PTO to care for her child – even though she was entitled to such time off." *Id.* at ¶ 105.

During Plaintiff's FMLA leave, Ms. Mathis had "given away" most of Plaintiff's responsibilities to Ms. Farmsworth. *Id.* at ¶¶ 111, 113-114. Ms. Farmsworth continued to perform Plaintiff's responsibilities even after Plaintiff returned from leave. *Id.* at ¶ 114. On May 19, 2020 shortly after Plaintiff's return, a Human Resources Representative informed Plaintiff that she was laid off, citing staffing reductions due to the COVID pandemic. *Id.* at ¶ 117-118. "Defendants had actually terminated her because of pregnancy, maternity leave, use of leave that she was entitled to, her age, and the fact that she would have caregiving responsibilities in the future." *Id.* at ¶ 119.

## II.      Procedural History

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR") on March 12, 2021. FAC at ¶ 5. On July 20, 2021, the EEOC issued a Notice of Right to Sue against Defendants HealthEquity, Inc. and WageWorks, Inc. *Id.* Plaintiff filed her initial complaint against Defendants on October 8, 2021, alleging she was unlawfully discriminated against. ECF No. 1. Plaintiff then filed an Amended Complaint on April 22, 2022. FAC. On June 27, 2022, Defendants moved to partially dismiss the Complaint. ECF No. 29. The Court now considers Defendants' Motion to Dismiss.

## STANDARD OF REVIEW

## I.      Federal Rules of Civil Procedure 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction under Fed R. Civ. P. 12(b)(1), "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citing *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)). Where jurisdictional facts are at issue, "'the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Id*. (citing *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)). But "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Id*. (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

"The standard of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are substantively identical." *Anthony Pappas for Cong. v. Lorintz*, 2019 WL 4396589, at *7 (E.D.N.Y. Aug. 2, 2019), *report and recommendation adopted sub nom. Pappas v. Lorintz*, 2019 WL 4396761 (E.D.N.Y. Aug. 26, 2019), *aff'd*, 832 F. App'x. 8 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 2628 (2021).

## II.     Federal Rules of Civil Procedure 12(b)(6)

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663.

Deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

I.    **Since Plaintiff Filed a Complaint with the NYSDHR, the Court Lacks Jurisdiction to Hear her NYSHRL Claims Under the Election of Remedies Doctrine.**

Under the NYSHRL, New York State Executive Law § 297(9), a plaintiff is barred from bringing a claim of discrimination that was previously filed with the NYSDHR to court. Section 297's "election of remedies" limitation "operates to divest a federal court of jurisdiction to decide the claim." *McGullam v. Cedar Graphics, Inc*., 609 F.3d 70, 74 n.3 (2d Cir. 2010). *See Vetro v. Hampton Bays Union Free Sch. Dist.*, 148 A.D.3d 963, 964 (2d Dep't 2017) (barring identical discrimination claims already brought before the NYSDHR). An exception exists where the NYSDHR has dismissed a complaint "on the grounds of administrative convenience, . . . untimeliness, or . . . that the election of remedies is annulled." *Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 789 (S.D.N.Y. 2019) (quoting N.Y. Exec. Law §

297(9)). In *Alvarado* the Court dismissed the NYSDHR claims without prejudice because plaintiff had "not provided any indication that the NYSDHR dismissed her complaint on 'administrative convenience' or 'untimeliness,' or otherwise annulled her election of remedies. Given that it is Plaintiff's burden to establish subject matter jurisdiction, the Court out of an abundance of caution declines to hear her NYSHRL claims at this time." *Id.*

Although here, Plaintiff has requested the NYSDHR voluntarily dismiss her complaint, the NYSDHR has not dismissed her complaint. ECF No. 34, Klassen Decl. ¶ 4-6. For the reasons outlined in *Alvarado*, Plaintiff's NYSHRL claims are **DISMISSED** without prejudice pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

## II.    Plaintiff's Discrimination Claims Must Be Dismissed.

Plaintiff has alleged gender and pregnancy discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); gender, pregnancy, and age discrimination under NYSHRL and the New York City Human Rights Law, New York City Administrative Code § 8-502 *et seq.*  ("NYCHRL"); and caregiver discrimination under the NYCHRL.

Title VII, NYSHRL, and NYCHRL discrimination and retaliation claims are analyzed under the three-part burden shifting scheme the Supreme Court set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03 (1973). *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (stating that Title VII and NYSHRL claims are governed by the *McDonnell Douglas* standard). Under *McDonnell Douglas*, the plaintiff bears an initial burden of "proving by the preponderance of the evidence a prima facie case of discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252–53 (1981). If a plaintiff establishes a *prima facie* case of discrimination or retaliation, a presumption of discrimination or retaliation arises and the burden

shifts to the defendant to offer a legitimate non-discriminatory or non-retaliatory reason for the adverse action. *Sharpe v. MCI Commc'ns Servs., Inc.*, 684 F.Supp.2d 394, 401 (S.D.N.Y. 2010) (citing *Stratton v. Dep't for the Aging*, 132 F.3d 869, 879 (2d Cir. 1997)). If the defendant is able to offer a legitimate basis for the decision, the plaintiff must then establish that the proffered nondiscriminatory reason was pretextual and that the defendant's act was at least partially motivated by discrimination. *Slattery v. Swiss Reins. Am. Corp.,* 248 F.3d 87, 93–94 (2d Cir. 2001).

Title VII prohibits discrimination on the basis of an "individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2. To establish a *prima facie* case of discrimination under Title VII and the NYSHRL, a plaintiff must show that: "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (internal quotation marks and citation omitted).[1] Plaintiff's Complaint must provide the "bits and pieces of information" necessary "to support an inference of discrimination, i.e., a mosaic of intentional discrimination[.]" *Id.* at 86 (internal quotation marks and citation omitted). "[A]bsent direct evidence of discrimination," the four-part test "must be plausibly supported by facts alleged in the complaint[.]" *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015). A Plaintiff must adequately allege that her protected characteristic "was a motivating factor in [Defendant's] decision to" terminate her. *Gong v. City Univ. of N.Y.*, 846 F. App'x 6, 8 (2d Cir. 2021). The standard under the NYCHRL requires a

---

[1] With respect to the NYCHRL standard, "[c]laims brought under the NYCHRL are analyzed using the same framework as Title VII and NYSHRL claims, but must be viewed independently from and more liberally than their federal and state counterparts." *Deveaux v. Skechers USA, Inc.*, No. 19 Civ. 9734 (DLC), 2020 WL 1812741, at *5 (S.D.N.Y. Apr. 9, 2020) (internal quotation marks and citations omitted). Under the NYCHRL, "the plaintiff need only show differential treatment—that she is treated 'less well'—because of a discriminatory intent." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013).

plaintiff must plead "that she is treated 'less well'— because of a discriminatory intent." *Mihalik*, 715 F.3d at 110.

Plaintiff has sufficiently alleged that she is a member of a protected class on the basis of sex, and relatedly, pregnancy under Title VII, NYSHRL, and NYCHRL. Defendants do not contest that Plaintiff is qualified for her position, as Defendants awarded her a retention bonus. FAC at ¶ 43. For the purposes of this motion, the Court will accept the contention that Plaintiff suffered an adverse employment action when she was terminated from her job. Plaintiff has not plausibly alleged that she suffered other adverse employment actions. She was not materially denied leave requests or demoted. In fact, Ms. Mathis denied only one day of Plaintiff's requested paid time off. *Id.* at ¶¶ 69, 71. The question is whether Plaintiff has presented the "bits and pieces of information" necessary "to support an inference of discrimination[.]" *Vega*, 801 F.3d 86. Similarly, Plaintiff's NYCHRL claim hinges on Defendants' discriminatory intent.

On the fourth prong, Defendant contends that the Complaint fails to allege a causal connection between the adverse action (termination) and a discriminatory motive on the basis of sex, pregnancy, caregiver status, or age. Plaintiff alleges she was treated "differently from and less preferably than similarly-situated" (1) younger employees, (2) male employees, and (3) non-pregnant employees. FAC at ¶ 136. Defendants argue there is no evidence of direct discrimination against Plaintiff. "An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493–94 (2d Cir. 2010) (internal quotations omitted). Plaintiff has not pleaded facts to support she was treated differently than similarly-situated younger employees, or male employees.

Rather, Plaintiff's arguments center on Ms. Farmsworth, a non-pregnant "older" female accountant, as a comparator. But the Court questions the sufficiency of this comparison. Plaintiff has not alleged Ms. Farmsworth's age with any specificity, and as a result, Ms. Farmsworth will not be analyzed as an employee younger than Plaintiff. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021) (granting defendant's motion for judgment on the pleadings on an age discrimination claim when Plaintiff did not provide specific ages of co-workers). Plaintiff fails to adequately plead that Defendants' more favorable treatment of Ms. Farmsworth was because of her non-pregnant status. Plaintiff argues her employer favored Ms. Farmsworth over her, as demonstrated by Ms. Farmsworth taking over Plaintiff's responsibilities during her FMLA leave and even after Plaintiff returned from leave. FAC at ¶¶ 111, 113-114. But it was reasonable and likely necessary for Defendants to delegate Plaintiff's workload to Ms. Farmsworth during the FMLA leave, and during Plaintiff's ramping up period upon her return and decision to take intermittent NYSPFL leave. Plaintiff cannot both be granted leave and construe Defendants' responsible delegation of her duties during that leave as an inference of discrimination. Plaintiff alleges she was excluded from a training that Ms. Farmsworth and others attended, but Plaintiff merely speculates this was due to her pending FMLA leave, and does not provide support for this contention. *Id.* at ¶¶ 63, 65. Nor does Plaintiff allege the other attendees were younger or male or that they were selected based on these characteristics. Plaintiff does not establish that not attending this particular training was of consequence.

When examining the totality of the circumstances, Plaintiff has not shown that her termination was motivated by discrimination. Plaintiff cites to numerous negative comments Ms. Mathis made. Ms. Mathis made distasteful comments about the difficulty of obtaining childcare, stated it was unprofessional for Plaintiff to not announce her pregnancy earlier, and expressed

concern about Plaintiff taking leave during an "extremely busy" time. *Id.* at ¶¶ 50, 52, 60. But none of these comments rise to the level of discriminatory animus, and do not support an inference of discrimination. In any case, Plaintiff has failed to plead facts necessary to support her discrimination claims under Title VII and the NYCHRL.

### III.    Plaintiff's Retaliation Claims Must Stand.

Plaintiff brings retaliation claims under Title VII, the NYSHRL, NYCHRL, and the FMLA.

### a.    Title VII, NYSHRL and FMLA.

To state a *prima facie* claim for retaliation under Title VII and the NYSHRL, a plaintiff must demonstrate that: (1) she participated in a protected activity; (2) the defendant was aware of her protected activity; (3) she suffered an "adverse employment action;" and (4) there is a causal connection between the protected activity and the adverse employment action. *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 844 (2d Cir. 2013). A causal connection is established "by showing that the protected activity was followed closely by the discriminatory treatment." *Hicks v. Baines*, 593 F.3d 159, 170 (2d Cir. 2010) (internal quotation marks and citations omitted). An employee engaged in a "protected activity" "'need not establish that the conduct [s]he opposed was in fact a violation of Title VII,' but rather, only that she had a 'good faith, reasonable belief' that the underlying employment practice was unlawful." *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996) (quoting *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988)). "A mere mention of feeling 'discriminated against' is not enough to put an employer on notice of a protected complaint if 'nothing in the substance of the complaint suggests that the complained-of activity is, in fact, unlawfully discriminatory.'"

*Moore v. City of N.Y.*, 745 F. App'x 407, 409 (2d Cir. 2018) (quoting *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 17 (2d Cir. 2013)).

In this case, Plaintiff posits that she engaged in multiple protected activities. This includes voicing her concerns about job security to Mr. Murdock due to the merger and her leave, informing Ms. Mathis she was worried that her time off requests would be refused, and her request for intermittent NYSPFL leave. FAC at ¶¶ 66-71, 77, 88, 99. For the purposes of this motion, the Court will likewise accept the contention that Plaintiff suffered an adverse employment action when she was terminated from her job.

Plaintiff has properly established that she engaged in a protected activity by seeking pregnancy leave, that her employer was aware of the activity, and that she was terminated because of her activity.

### b.   NYCHRL.

The NYCHRL standard is more lenient than the Title VII and the NYSHRL standard. To sustain a retaliation claim under the NYCHRL, Plaintiff must allege that "she took an action opposing her employer's discrimination . . . and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action. . . . [and] [u]nlike the but-for standard used under Title VII and the NYSHRL, the employer is liable if [he] was motivated *at least in part* by an impermissible motive." *Farmer v. Shake Shack Enters.,* 473 F. Supp. 3d 309, 334 n.8 (S.D.N.Y. 2020) (internal quotation marks and citations omitted). *"*[R]ather than requiring a plaintiff to show an 'adverse employment action,' [the NYCHRL] only requires [Plaintiff] to show that something happened that was 'reasonably likely to deter a person from engaging in protected activity.'" *Rozenfeld v. Dep't of Design & Constr.*, 875

F.Supp.2d 189, 208, 2012 WL 2872157, at *13 (E.D.N.Y. 2012) (citation omitted). Otherwise, the NYCHRL and NYSHRL requirements to establish retaliation are identical. *Id.*

Under the NYCHRL, requests for a reasonable accommodation are a protected activity. *See Xiang v Eagle Enters., LLC*, 19-CIV-01752 (PAE), 2020 WL 248941, at *9 (S.D.N.Y. Jan. 16, 2020) (finding maternity leave to be a protected activity). Plaintiff has similarly sufficiently pleaded her request for pregnancy leave constitutes a protected activity under the NYCHRL, and that she was subject to retaliation.

### IV.   Plaintiff Has Not Adequately Pleaded A Claim For FMLA Interference.

"[T]o prevail on a claim of interference with her FMLA rights, a plaintiff must establish: 1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016). "Generally, then, when an employee has received [her] twelve weeks of leave in a given year and is discharged [], the employee cannot maintain an interference claim." *Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d 351, 363 (S.D.N.Y. 2016). "Thus, to succeed on an FMLA interference claim where an employee has already taken the twelve weeks of leave, the employee must allege that [s]he was actually prejudiced by the violation." *Id.* (citing *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)). FMLA interference claims must be brought within two years. 29 U.S.C. § 2617(c)(1).

Here, Plaintiff timely pleaded her 2020 FMLA claim. Plaintiff was not denied FMLA benefits. She was granted twelve weeks of leave, and upon return she took intermittent leave. While Plaintiff's position was not immediately fully restored to her prior position, it is

unreasonable to expect full restoration of her responsibilities upon her return because Plaintiff only worked three days per week due to her intermittent leave. Plaintiff has not sufficiently pleaded that Defendants' decision to continue delegating responsibilities to Ms. Farmsworth during Plaintiff's intermittent leave was pretextual. The FMLA interference claim is therefore dismissed.

### V.    Plaintiff's Hostile Work Environment Claim Must Be Dismissed.

In evaluating a hostile work environment claim brought under Title VII, courts assess "the severity and pervasiveness of the alleged discriminatory behavior" using a set of nonexclusive factors, judging (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether the conduct was physically threatening or humiliating; (4) whether the conduct unreasonably interfered with plaintiff's work; and (5) what psychological harm, if any, resulted." *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 82 (2d Cir. 2009) (internal quotation marks, alterations, and citations omitted). In order to succeed on a hostile work environment claim under Title VII, a plaintiff must demonstrate that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006). "This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Raspardo v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014) (citing *Harris v. Forklift Syss., Inc.*, 510 U.S. 17, 21–22 (1993)). "[T]he fact that the law requires harassment to be severe or pervasive before it can be actionable does not mean that employers are free from liability in all but the most egregious of cases." *Whidbee v. Garzarelli Food*

*Specialties, Inc.*, 223 F.3d 62, 70 (2d Cir. 2000). At this stage, Plaintiff need not prove a prima facie case of hostile work environment. She need only make "a short and plain statement of the claim that shows that [she is] entitled to relief and that gives the defendant fair notice of [her] claim or hostile work environment and the grounds upon which that claim rests." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 241 (2d Cir. 2007). Even so, a plaintiff alleging a hostile work environment must bring forth more than a mere scintilla of evidence to survive a motion to dismiss. The NYSHRL and the NYCHRL have a similar lower standard for showing hostile work environment. *See Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*, No. 21-CV-02512 (CM), 2022 WL 524551, at *9 (S.D.N.Y. Feb. 22, 2022). Under the NYCHRL, "[t]o prevail on liability, the plaintiff need only show differential treatment—that she is treated 'less well'—because of a discriminatory intent. *Mihalik*, 715 F.3d at 110.

Here, Plaintiff has not provided sufficient support for her hostile work environment claim. Ms. Mathis made insensitive comments about Plaintiff's childcare needs and expressed concern about Plaintiff taking leave during a busy season. Yet Ms. Mathis did not materially deny Plaintiff's requested leave. As explained above, Defendants' decision to not invite Plaintiff to a training was not of consequence. Plaintiff has not pleaded that she was subject to ridicule, or that Defendant's conduct unreasonably interfered with her work. Defendants' conduct did not rise to the level of severity or pervasiveness "that a reasonable person would find it hostile or abusive." *Raspardo*, 770 F.3d at 114. Therefore, Plaintiff's hostile work environment claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's hostile work environment, discrimination, and FMLA interference claims pursuant to Fed.R.Civ.P. 12(b)(6) is

**GRANTED** and these claims are **DISMISSED** with prejudice. Plaintiff was granted leave to amend the deficiencies in her Complaint, but fatal substantive flaws persist. Plaintiff's claims are unsupported by facts, and she has not requested leave to amend. "[D]ismissal with prejudice is appropriate when 'the flaws in pleading are incurable.'" *Kling v. World Health Org.*, 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021) (quoting *Fort Worth Employers' Ret. Fund v. Biovail Corp.*, 615 F. Supp. 2d 218, 233 (S.D.N.Y. 2009)). Here, dismissal with prejudice of Plaintiff's hostile work environment, discrimination, and FMLA interference claims is warranted.

Defendants' motion to dismiss Plaintiff's retaliation claims is **DENIED**. Plaintiff's NYSHRL claims are **DISMISSED** without prejudice pursuant to Fed.R.Civ.P. 12(b)(1).

**SO ORDERED.**

**Dated:** **August 29, 2023**
      **New York, New York**

_____
    **ANDREW L. CARTER, JR.**
    **United States District Judge**